UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANDREW MATTIODA, | Case No. 20-cv-03662-SVK |
|---|---|
| Plaintiff, | **ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT; SETTING INITIAL CASE MANAGEMENT CONFERENCE** |
| v. | |
| JIM BRIDENSTINE, et al., | Re: Dkt. No. 27 |
| Defendants. | |

On January 8, 2021, the Court issued an Order on Defendants' Motion to Dismiss the First Amended Complaint, which denied Defendants' motion to dismiss the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and granted in part and denied in part Defendants' motion to dismiss the FAC under Rule 12(b)(6). Dkt. 24 (the "January 8 Order"). The Court gave Plaintiff leave to amend the FAC to address certain of the deficiencies identified in the January 8 Order. *Id.* Plaintiff then filed the Second Amended Complaint. Dkt. 26 ("SAC"). Now before the Court is Defendants' Motion to Dismiss the SAC (Dkt. 27).

Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument. After considering the parties' submissions, the case file, and relevant law, and for the reasons that follow, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion to Dismiss the SAC.

**I.   DISCUSSION**

The Court addresses each argument raised by Defendants in the present motion. The factual background and relevant legal standards are set forth in the Court's January 8 Order. Dkt. 24.

#### A. Claims against Dr. Howell

Defendants argue that Plaintiff did not exhaust his administrative remedies regarding his claims against Dr. Howell and that those claims are therefore subject to dismissal under Rule 12(b)(6). Dkt. 27 at 12. Plaintiff argues that the allegations against Dr. Howell in the SAC remain unchanged from the FAC and that the Court has already rejected Defendants' argument that Plaintiff's administrative complaints involving Dr. Howell were insufficient. Dkt. 28 at 1-4.

The Court **DENIES** Defendants' motion to dismiss the claims against Dr. Howell. The Court previously denied Defendants' motion to dismiss specified allegations against Dr. Howell in the FAC, finding that those allegations were "sufficiently similar to the allegations made in the EEO complaints, which involve the same actor (Dr. Howell) and similar conduct …" Dkt. 24 at 12-19. Defendants have failed to demonstrate that the allegations against Dr. Howell in the SAC differ materially, if at all, from those already addressed in the Court's January 8 Order.

#### B. Disability Discrimination Claim

In arguing that Plaintiff's claim for disability discrimination should be dismissed, Defendants first argue that Plaintiff continues to allege that he was subject to discriminatory conduct prior to July 7, 2015, despite the Court's January 8 Order, which granted the motion to dismiss the FAC without leave to amend to the extent the FAC could be construed as bringing discrimination claims based on discrete adverse actions occurring before July 7, 2015. Dkt. 27 at 13-14; *see also* Dkt. 24 at 24. Plaintiff responds that Defendants "misconstrue" the SAC because the inclusion of discriminatory events in the SAC occurring before July 7, 2015 "is meant to provide background evidence of Mattioda's timely claims alleging discrimination and nothing more." Dkt. 28 at 5. The Court reiterates its statements in the January 8 Order that "Plaintiff may not present evidence of events [predating July 7, 2015] as a continuing violation based on a theory of discrimination, although in some circumstances evidence of past conduct that was not timely presented to the EEO may be presented 'as background evidence in support of a timely claim.'" Dkt. 24 at 24 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). As the Court has already explained, objections and rulings on such evidence are reserved for discovery and trial. Dkt. 24 at 24-25.

Defendants also argue that many of Plaintiff's remaining timely claims for disability

discrimination do not plausibly demonstrate any connection between the alleged discriminatory conduct and Plaintiff's disability.  Dkt. 27 at 14.  Again, the Court's January 8 Order already addressed this issue, rejecting Defendants' argument that Plaintiff's claim for disability in the FAC should be dismissed because he fails to allege that he suffered discrimination because of his disability.  Dkt. 24 at 25-26.  The Court concludes that in the SAC, like the FAC, "Plaintiff has met the standard of pleading a plausible claim for discrimination."  *See id.* at 25.

Accordingly, the Court **DENIES** Defendants' motion to dismiss the disability discrimination claim in the SAC**.**

### C. Harassment Claim

The Court's January 8 Order granted Defendants' motion to dismiss the harassment claim in the FAC on the grounds that "the FAC fails to adequately allege harassing conduct that is linked to his disability and that is sufficiently pervasive or severe to alter the conditions of employment and create an abusive working relationship."  Dkt. 24 at 28.  Defendants now argue that the harassment claim in the SAC suffers from the same deficiencies.  Dkt. 27 at 14-16.

Paragraph 133 of the SAC refers back to a number earlier paragraphs in support of Plaintiff's claim for discrimination and harassment.  Many of the cited paragraphs do not contain any allegations that differ from the FAC, and many others do not add substance to Plaintiff's allegations of harassment in the FAC.  *See* Dkt. 26-1 (redline comparing SAC to FAC).  Of the referenced paragraphs that contain new substantive allegations, most of those additional allegations still fail to link Defendants' alleged harassing conduct to Plaintiff's disability.  The new allegations cast as suppositions or requests for inferences that are not based on actual facts of disability-based harassment fail to cure the deficiencies cited in the Court's previous order.  *See* SAC ¶¶ 20 (Dr. Lee commented that Dr. Allamondola was doing all the work for Plaintiff, "implying that MATTIODA was less productive than other researchers because of his disabilities"); 21 ( "Dr. Lee's comments repeatedly implied MATTIODA was less productive than other employees because MATTIODA was a disabled person"); 22 (in meeting with AMES ombudsman, Plaintiff was "feeling isolated and 'singled out' as the only disabled researcher in his cohort"); 31 ("MATTIODA felt such a photograph" of him giving a presentation at a conference "would not be necessary if Dr. Lee did not assume that disabled scientists were less productive

3

than other scientists"); 32 (Dr. Lee's comment that Plaintiff should ask NASA Headquarters for labor funding for himself since Plaintiff "chose to step down" from the Deputy Branch Chief position "were intended to ridicule and harass MATTIODA"); 52 (Dr. Dotson's request that Plaintiff sign and date her letter rejecting his reconsideration request concerning his performance rating was "intended solely to harass"); 64 (Dr. Lee's comments—that Plaintiff "can't get any funding on his own" and that if other scientists involved involving Plaintiff in a research project "good luck getting him to do anything"—"implied MATTIODA was lazy and less productive than other scientists because of his disabled status"); 76 (Dr. Dotson's communications with fund manager about Plaintiff's needs for reasonable accommodation "were harassing, humiliating, and infuriating, because they imply that a disabled scientist cannot manage project funding as well as a non-disabled scientist"); 100 (Dr. Lee's shouting question to Plaintiff "implied MATTIODA was incapable, because of his disabilities, or too lazy to manage Dr. Boersma").

By contrast to the foregoing paragraphs cited in support of Plaintiff's harassment claim, paragraphs 27 and 28, as amended, contain factual allegations that link comments to Plaintiff's disability. According to Plaintiff, in September 2011, Dr. Dotson "threatened that if MATTIODA continued to make reasonable accommodation requests for his disabilities, MATTIODA could 'lose [his] job" because of the requests." SAC ¶ 27. Plaintiff further alleges that the demands that he fund his own accommodations "continued incessantly and pervasively thereafter." *Id.* ¶ 28. Fairly read in the light most favorable to Plaintiff, however, these paragraphs concern Plaintiff's claim for failure to accommodate his disability, rather than his harassment claim. As discussed in the January 8 Order, Plaintiff's claim for reasonable accommodation cannot be based on incidents that occurred before July 7, 2015 (*see* Dkt. 24 at 29), and therefore the alleged 2011 incident that is the subject of paragraphs 27 and 28 cannot support Plaintiff's reasonable accommodation claim either.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claim for disability-based harassment.

### D.     Claims for Failure to Provide Reasonable Accommodation and for Failure to Engage in the Interactive Process

Defendants argue that Plaintiff's second cause of action for failure to provide reasonable

4

accommodation and his third cause of action for failure to engage in the interactive process should be dismissed because Plaintiff continues to allege that the Agency failed to accommodate him prior to July 2015, despite the Court's January 8 Order, which granted Defendants' motion to dismiss the FAC with leave to amend "to the extent the FAC could be construed as bringing claims based on alleged failure to provide reasonable accommodation occurring before July 7, 2015." Dkt. 27 at 16; *see also* Dkt. 24 at 19. Defendants also argue that Plaintiff's remaining timely claims do not plausibly demonstrate that the Agency denied him reasonable accommodation or failed to engage in the interactive process. Dkt. 27 at 17-18. The Court previously held that the FAC failed to state a claim for failure to provide reasonable accommodation because Plaintiff's timely allegations in support of the claim "relied on allegations that Plaintiff was required to provide additional documentation about available funding for his requested travel upgrades" but "cost is a relevant consideration in determining whether a proposed accommodation and not an undue hardship." Dkt. 24 at 30.

Paragraphs 137 and 141 of the SAC now refer back to a number of earlier paragraphs in support of Plaintiff's claims for failure to provide reasonable accommodation and failure to engage in the interactive process. Many of the cited paragraphs do not contain any allegations that differ from the FAC, and others do not add substance to Plaintiff's reasonable accommodation/interactive process claims in the FAC. *See* Dkt. 26-1 (redline comparing SAC to FAC). Of the referenced paragraphs that contain new substantive allegations, as discussed in connection with Plaintiff's harassment claim above, those allegations are rife with assumptions and are not based on facts tied to Plaintiff's disability. As also discussed above, although paragraphs 27 and 28 do contain factual allegations, they concern a 2011 incident that cannot serve as the basis for Plaintiff's claims for failure to provide reasonable accommodation and failure to engage in the interactive process. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claims for failure to provide reasonable accommodation and failure to engage in the interactive process.

### E. Reprisal Claim

The Court previously dismissed the reprisal claim in the FAC without leave to amend "to the extent the FAC could be construed as bringing claims based on alleged acts of reprisal

occurring before July 7, 2015." Dkt. 24 at 31.  With respect to Plaintiff's timely claims for reprisal in the FAC, the Court gave Plaintiff leave to amend because "other than labeling [specified] incidents as retaliatory, Plaintiff does not plead any facts connecting these incidents to his prior protected EEO activity." *Id.*

Defendants argue that Plaintiff's fourth cause of action for reprisal in the SAC should be dismissed both because it continues to be based on untimely allegations and because its timely allegations still fail to establish the necessary causal connection to his prior protected activity. Dkt. 27 at 18-19.  According to Defendants, "Plaintiff only specifically alleges retaliation four times in his SAC":  (1) an incident in May 2016 when Dr. Dotson granted Plaintiff's requests for upgraded flights with a caveat that he provide written or email concurrence with the manager of the travel funds and a not-to-exceed budget with regard to his travel; (2) Dr. Lee's rejection of Plaintiff's proposed funding in February 2017 after Plaintiff did not include estimates for reasonable accommodation funding for travel; (3) various interactions between Dr. Lee and Dr. Boersma in February 2017; and (4) the alleged knowledge of Plaintiff's EEO activity by two of three panel members when they did not select him for a senior scientist position in August 2017. *Id.* at 18-19 (citing SAC ¶¶ 77, 83, 100, 101, 103, 121).  According to Defendants, "Plaintiff does not plead any facts that actually connect these incidents to his prior protected activity and, rather, only asserts that these actions were taken as reprisal" and that "it seems that Plaintiff's only reason for alleging these actions were retaliatory is because they occurred after he filed an EEO complaint." Dkt. 27 at 19.  In response, Plaintiff argues that his reprisal count refers to at least 91 paragraphs of factual information supporting his retaliation claim.  Dkt. 28 at 9, citing SAC ¶ 145. Plaintiff points out that at the motion to dismiss stage, he need only plead, not prove, his retaliation claim. *Id.*

Plaintiff is correct that this litigation is at the pleading stage, but the pleading must set forth specific facts in order for a claim to proceed.  Most of the paragraphs cited in paragraph 145 of the SAC in support of Plaintiff's claim for retaliation are the same paragraphs discussed above in connection with Plaintiff's claims for harassment, failure to accommodate, and failure to engage in the interactive process.  As already explained in this order, other than paragraphs 27 and 28, which concern an incident in 2011 that cannot serve as a basis for Plaintiff's retaliation claim because it

occurred before July 7, 2015 (*see* Dkt. 24 at 31), these paragraphs either are unchanged or provide additional allegations based only on assumptions or improper inferences. The few paragraphs cited in paragraph 145 of the SAC that are not also cited in support of Plaintiff's other claims suffer from the same defects. *See, e.g.,* SAC ¶ 62 (no substantive change from FAC), 94 (same), 110 (Dr. Lee had no reason to deny Plaintiff's participation in a lab tour "[o]ther than a retaliatory motive, or because Dr. Lee felt MATTIODA was incapable of the work because of MATTIODA's disabled status"), 116-121 (no substantive change from FAC), 127-129 (same).

Because Plaintiff has failed to plead facts connecting alleged incidents of retaliation with his prior protected EEO activity, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claim for reprisal on this ground.

## II. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' motion to dismiss Plaintiff's claim for disability-based discrimination. The Court **GRANTS** Defendants' motion to dismiss Plaintiffs' claims for disability-based harassment, failure to accommodate, failure to engage in the interactive process, and retaliation. Because Plaintiff has failed, again, to allege facts to support the dismissed claims, despite being given an opportunity to amend his complaint to address the deficiencies specifically identified in the Court's January 8 Order, the dismissal of those claims is **WITHOUT LEAVE TO AMEND.**

The Court will hold an Initial Case Management Conference on **June 15, 2021 at 9:30 a.m.** A Joint Case Management Statement is due on **June 8, 2021**.

**SO ORDERED.**

Dated: April 26, 2021

SUSAN VAN KEULEN
United States Magistrate Judge